Filed 8/27/25  P. v. Macias CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HECTOR MANUEL MACIAS,<br><br>    Defendant and Appellant. | F088206<br><br>(Super. Ct. No. BF190259A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Detjen, Acting P. J., Meehan, J. and Fain, J.†

†    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant and appellant Hector Manuel Macias was convicted by plea of assault with a deadly weapon and sentenced to the upper term of four years in prison following his fourth violation of probation. (Pen. Code, § 245, subd. (a)(1).)[1] On appeal, defendant challenges the trial court's selection and imposition of the upper term based on aggravating factors set forth in the probation report that were neither admitted nor found true beyond a reasonable doubt. (§ 1170, subd. (b); *Erlinger v. United States* (2024) 602 U.S. 821, 837–840 (*Erlinger*); *People v. Wiley* (2025) 17 Cal.5th 1069, 1076 (*Wiley*); *People v. Lynch* (2024) 16 Cal.5th 730, 768–769 (*Lynch*).) Pursuant to *Erlinger* and *Lynch*, the People concede prejudicial error. We accept the concession, vacate defendant's sentence and remand the matter for resentencing.

## PROCEDURAL HISTORY

In May 2022, defendant was charged with assault with a deadly weapon and assault by means of force likely to produce great bodily injury (GBI), with attached enhancements for committing a felony while on supervised release in Kern Superior Court case No. BF184854A.[2] (§§ 245, subd. (a)(1), (4), 12022.1.)

In June 2022, defendant entered a *Harvey*[3] waiver and pleaded no contest to assault with a deadly weapon in exchange for dismissal of the on-bail enhancement and count 2, assault with force likely to produce GBI. Defendant also admitted violating supervised release conditions in case No. BF184854A. The trial court suspended imposition of sentence and placed defendant on probation for two years with the first 88 days served in custody and credit for time served, and reinstated mandatory

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Defendant was on mandatory supervision for unlawfully taking or driving a vehicle. (Veh. Code, § 10851, subd. (a).) All further case number references are to Kern Superior Court case numbers.

[3] *People v. Harvey* (1979) 25 Cal.3d 754, 758–759.

supervision in case No. BF184854A, modified to include 88 days in custody, served concurrently and with credit for time served.

In December 2022, defendant was taken into custody for failing to report to probation on a monthly basis, failing to report in person to his probation officer, failing to provide a current address, and absconding. Defendant admitted violating probation in this case and violating supervised release in case No. BF184854A. The court reinstated probation in this case with 90 days in custody and reinstated mandatory supervision in case No. BF184854A.

In May 2023, defendant was taken into custody for failing to report to probation on a monthly basis, failing to report in person to his probation officer, failing to provide a current address, and absconding. Defendant admitted violating probation in this case and violating supervised release in case No. BF184854A. In case No. BF184854A, the court revoked mandatory supervision and ordered defendant to serve the remainder of his two-year middle term sentence in jail[4] and, in this case, the court reinstated probation with 90 days in custody, concurrent with the sentence in case No. BF184854A.

In August 2023, the probation department requested issuance of an arrest warrant for defendant based on his failure to report to probation on a monthly basis and to provide a current address, and for absconding. In September 2023, following arrest, defendant admitted violating probation. The court ordered him to serve 120 days in custody and reinstated probation.

In January 2024 and February 2024, defendant was arrested on new charges. In May 2024, defendant admitted failing to report to probation, failing to provide a current address, and failing to report his arrest in January 2024, with the allegations that he had

---

[4] Vehicle Code section § 10851, subdivision (a); Penal Code section § 1170, subdivision (h)(1).

two new violations of law stricken. Defendant was advised he could be sentenced to the maximum penalty of four years in prison, and he entered an *Arbuckle*[5] waiver.

In June 2024, based on four aggravating factors set forth in the probation report, the court selected and imposed the upper term of four years in prison for assault with a deadly weapon. Defendant filed a timely notice of appeal based on sentencing or other matters not affecting the validity of his plea.

## DISCUSSION

### I. Legal Principles

#### A. Senate Bill No. 567's Amendment of Section 1170

Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) amended section 1170, codifying the holding in *Cunningham* "that, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.'" (*Lynch, supra*, 16 Cal.5th at p. 742, quoting *Cunningham v. California* (2007) 549 U.S. 270, 281.) "'Inhering in that guarantee is an assurance that a guilty verdict will issue only from a unanimous jury.'" (*Lynch, supra*, at p. 742, quoting *Erlinger, supra*, 602 U.S. at p. 830 & citing *Ramos v. Louisiana* (2020) 590 U.S. 83, 90, 92–93.)

As amended, section 1170, subdivision (b), now provides:

> "(b)  [¶]  (1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).
>
> "(2)    The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the

---

**5**    *People v. Arbuckle* (1978) 22 Cal.3d 749, 756–757.

defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions.

"(4) At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report or to present additional facts. The court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing.

"(5) The court shall set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law. A term of imprisonment shall not be specified if imposition of sentence is suspended.

"(6) Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

"(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

5.

"(B)   The person is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.

"(C)   Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking.

"(7)   Paragraph (6) does not preclude the court from imposing the lower term even if there is no evidence of those circumstances listed in paragraph (6) present."

## B.   *Erlinger*, *Lynch* and *Wiley*

Prior to the California Supreme Court's decision in *Lynch*, appellate courts agreed that Senate Bill 567 applied retroactively (*Lynch, supra*, 16 Cal.5th at p. 749), but they disagreed on how to characterize the error and assess prejudice in the context of sentencings that occurred prior to the legislative change (*id.* at pp. 756–757), including whether the change in the law altered the scope of the trial court's sentencing discretion, implicating the standard articulated in *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*) (*Lynch, supra*, at p. 772).  In a divided opinion, the majority in *Lynch* held, "Excluding properly proven prior convictions or a defense stipulation, a jury finding is now required for all facts actually relied on to impose an upper term" (*Lynch, supra*, at p. 757), and "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established.  The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements.  If the reviewing court cannot so determine, applying the *Chapman* standard of review, the defendant is entitled to a remand for resentencing" (*id.* at p. 768).

Further, the court held, "The current statute narrows [the trial court's sentencing] authority by creating a presumption against the upper term, which may be overcome only

6.

if the required facts are properly proven and the court concludes that term is justified. These changes circumscribe the trial court's previously broad discretion to select whichever of the three terms of imprisonment serves the interests of justice. As a result, the *Gutierrez* standard applies to sentences imposed before the statute's 2022 amendment, or when the record otherwise indicates that the court has not exercised its ""'informed discretion.'"" (*Lynch, supra*, 16 Cal.5th at p. 773, quoting *Gutierrez, supra*, 58 Cal.4th at p. 1391.)

More recently, in an opinion that postdated the briefing in this case, the California Supreme Court addressed the scope of the prior conviction exception in light of the United States Supreme Court's decision in *Erlinger*. In *Wiley*, the court explained, "We understand *Erlinger* to require that any fact, beyond the bare fact of a prior conviction, that exposes a defendant to harsher punishment, must be found by a jury beyond a reasonable doubt, unless the defendant stipulates to its truth or waives a jury trial. This jury trial guarantee retains its vitality even if the inquiry is ""'straightforward.'"" (*Erlinger, supra*, 602 U.S. at p. 842.) 'There is no efficiency exception to the Fifth and Sixth Amendments.' (*Ibid.*) Only when aggravating facts have been proven as the Constitution requires may the court then rely on them to conclude, in its discretion, that those facts justify an upper term." (*Wiley, supra*, 17 Cal.5th at pp. 1083–1084.)

Thus, "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm. The proper procedure for adjudicating such aggravating facts is as follows: Defendants may assert the right to a jury trial, may waive jury in favor of a court trial, or may waive trial altogether. Subject to the standard rules of evidence[,] both parties may stipulate to the admission of probation reports or other evidence bearing on a defendant's social and educational history, as well as other information relevant to sentencing, including criminal history. The burden is on the People to prove beyond a reasonable doubt the facts relied on to

justify an upper term sentence. If those facts are properly proven, the court may take them into account and exercise its discretion under section 1170[, subdivision ](b) to determine what sentence to impose, keeping in mind the statutory limits on upward departures from the midterm and the requirement for stating its reasons on the record. (§ 1170[, subd. ](b)(2), (5).)" (*Wiley, supra*, 17 Cal.5th at p. 1086, fn. omitted.)

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review. (*Lynch, supra*, 16 Cal.5th at pp. 742–743; *Chapman v. California* (1967) 386 U.S. 18.) Under that standard, 'a sentence imposed under … section 1170[, subdivision ](b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' (*Lynch*, at p. 743; see also *Erlinger, supra*, 602 U.S. at pp. 849–850 (conc. opn. of Roberts, C. J.).) Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Wiley, supra*, 17 Cal.5th at p. 1087, quoting *Neder v. United States* (1999) 527 U.S. 1, 19.)

## II.    Trial Court Proceedings

Defendant was arrested and charged with two counts of assault months after the effective date of Senate Bill 567. The complaint did not allege any aggravating factors, but the pre- *Erlinger* and *Lynch* probation report filed prior to sentencing identified defendant's early-stage plea as a factor in mitigation and four factors in aggravation: "defendant's prior convictions as an adult and sustained petitions in juvenile delinquency proceedings are numerous and increasing in serious[ness]," "defendant's prior performance on probation was unsatisfactory in that he violated terms and reoffended," "defendant was on Mandatory Supervision ([case] #BF184854A) and misdemeanor

probation [case] #BM959715A, [case] #BM984269A when the crime was committed," and "defendant had warrants for a Violation of Mandatory Supervision in [case] #BF184854A, and a Failure to Appear in [case] #BM948269A when he committed the present offense." (Cal. Rules of Court, rules 4.421(b)(2), (4), (5), (c), 4.423(b)(8).)

Defendant did not admit any aggravating factor allegations, he did not waive a jury trial on the factors, and the trial court did not purport to find the factors true beyond a reasonable doubt in a court trial. Based on the probation report and defendant's admissions to violating probation and mandatory supervision, the court selected and imposed the upper term of four years.

Defendant claims the trial court erred in relying on unproven aggravating factors in the probation report and the error was not harmless beyond a reasonable doubt. The People concede that the trial court erred and that the error was prejudicial, necessitating remand for resentencing.

We agree with the parties that none of the aggravating factors in this case were proven in accordance with the law and, therefore, we vacate the sentence and remand for resentencing.[6] (*Wiley, supra*, 17 Cal.5th at pp. 1086–1087.)

## DISPOSITION

Defendant's sentence is vacated, and this matter is remanded for resentencing. In all other respects, the judgment is affirmed.

---

[6] In addition to exceeding the scope of the prior conviction exception and engaging in impermissible factfinding, reliance on the probation report rather than certified records of conviction was error. (§ 1170, subd. (b)(3); *People v. Falcon* (2023) 92 Cal.App.5th 911, 953, disapproved on another ground by *Lynch, supra*, 16 Cal.5th at pp. 751, 768–769.)